THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* DICK NORMAN, Plaintiff in Error.

*Opinion filed December 23, 1926.*

PROHIBITION—*when the Supreme Court has no jurisdiction.* Where a defendant has pleaded guilty and been sentenced by the county court for a first violation of the Prohibition act, the Supreme Court has no jurisdiction of a direct writ of error to review the court's action overruling the defendant's subsequent motion to vacate and for leave to withdraw his plea and file a plea of not guilty, where the only material error argued is that the court did not duly admonish the defendant of the effect and consequences of his plea of guilty.

WRIT OF ERROR to the County Court of Saline county; the Hon. JOHN W. BROWNING, Judge, presiding.

ALPHEUS GUSTIN, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, CHARLES T. FLOTA, State's Attorney, and ROYCE A. KIDDER, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

On May 14, 1926, Dick Norman pleaded guilty to the first count of an information filed in the county court of Saline county charging him with violating the Prohibition act. Two other counts in the same information were *nolled* by the State's attorney. May 15 judgment was rendered on the plea and defendant sentenced to the State penal farm for a term of six months. Defendant had no counsel at the time he pleaded guilty and was sentenced. On May 24 he appeared by counsel and filed a motion to vacate the judgment, for leave to withdraw the plea of guilty, for a new trial, and leave to file a plea of not guilty. The motions were overruled and defendant sued out this writ of error.

In his assignment of errors defendant alleges his constitutional rights were violated and he was deprived of his

liberty without due process of law, but the errors argued by him which have not been obviated by a supplemental record filed by the People do not involve any constitutional question. The principal error argued is that the court did not duly admonish defendant of the effect and consequences of his plea of guilty, as required by statute.

The writ of error should have been sued out of the Appellate Court, and the cause is transferred to the Appellate Court for the Fourth District.

*Cause transferred.*